Opinion by
Walker, P. J.
§ 827. Opinion of witness as evidence; expert ivitness; rule as to; case stated. Appellee recovered of appellant a judgment for $600, the value of a jack alleged to have *729 been, killed through the negligence of appellant while transporting the same under contract. The first error assigned is, permitting the witness Knight to state his opinion or conclusion as to the effect of the injury to the jack which he saw. He testified that, in his opinion, the injury caused the death of the animal. It was the province of the jury to deduce from all the evidence what it was that caused the animal’s death; and it was competent for the plaintiff to prove facts and circumstances from which they might determine that question, and also to show, as evidence to establish the' cause of the death, what persons skilled as experts thought to be the cause of the animal’s death, they having before them the proper data upon which to form an opinion. This witness' did not disclose from his examination that he was qualified, under the rules of law, to give an opinion on that subject, entitled to be considered as evidence. He stated, “ he had handled jacks for twenty or thirty years, and was well acquainted with their propensities and dispositions.” It does not appear from this that he was better acquainted than ordinary men, or men of ordinary experience or knowledge of jacks, in respect to the cause of the death of this particular jack. It cannot be inferred that because he may have handled jacks for h great many years, and knew well their dispositions and propensities, that he would, more than another, be able, on examining the hurt received by the jack,' to determine whether it was dangerous or not, or whether it would or did result in the animal’s death. The testimony of experts is admitted because of their peculiar skill and knowledge with respect to the subject concerning which their opinion is desired, as being relevant to the matter to be ascertained and determined. The dispositions and propensities of jacks are perhaps matters of common knowledge; certainly in some particulars; but neither a knowledge of the one, nor the other, could afford any aid in determining why this animal languished and finally died. [1 Greenl. Ev. § 440, and note 4.] This evi *730 dence was calculated to influence the jury on a very material issue in the case, and its admission is, therefore, good ground for a reversal of the judgment.
May 29, 1885.
Reversed and remanded.